UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SIM DEVELOPMENT, LLC,

*Plaintiff*,

v.

DISTRICT OF COLUMBIA,

*Defendant*.

Civil Action No. 1:19-cv-03383 (CJN)

## <u>MEMORANDUM OPINION</u>

Sim Development, LLC filed this lawsuit in the Superior Court of the District of

Columbia, alleging a taking of private property without just compensation under the Fifth

Amendment.  *See generally* Compl., ECF No. 1-2.  The District of Columbia removed to this

Court and now moves to dismiss or, in the alternative, for summary judgment.  *See generally*

Def.'s Mot. to Dismiss or for Summ. J. ("Def.'s Mot."), ECF No. 3.  For the reasons that follow,

the Court grants the District's Motion.

### I.      Background

Sim Development owns property located at 2666 Martin Luther King, Jr. Avenue, SE,

Washington, D.C.  Compl. ¶ 5.[1]  Until 2011, a vacant building stood on the property.  *Id.* ¶¶ 6–7.

In early December of that year, the District, without prior notice to Sim Development, razed the

building (which Sim Development had itself planned to demolish) and brought in soil from

another site to grade the property to street level.  *Id.* ¶¶ 6, 8–11.  Sim Development's sole

---

[1] On a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must, of
course, accept well-pleaded facts in the Complaint as true.  *See Bell Atl. Corp. v. Twombly*, 550
U.S. 544, 555–56 (2007).

member, Yosief Maharai, learned of the building demolition and arrived while the excavation

was being filled.  *Id.* ¶ 8–9.  The District ultimately levied a special assessment against the

property for the razing in the amount of $34,675; as a result of interest, late payment fees, and

other charges, the total assessment is currently over $82,000.  *Id.* ¶ 18.

Sim Development hired an environmental engineer to test the new soil and found that it

contained petroleum and other contaminants.  *Id.* ¶ 20.  Together, the special assessment and the

contaminated soil, which disqualified the property from development, rendered the property

effectively worthless.  *Id.* ¶¶ 25–26.  Sim Development requested the District remove the new

soil and lift the special assessment multiple times, including by a January 31, 2012 letter

notifying the District of potential damages claims.  *Id.* ¶¶ 21–22.  The District did not respond

until "[r]ecently," *id.* ¶ 23–24, explaining it razed the property because the building was not

properly enclosed—an explanation Sim Development contests.  *Id.* ¶ 24.

On September 26, 2019, Sim Development filed this lawsuit in D.C. Superior Court,

asserting one claim:  that the District's actions constitute a taking of private property without just

compensation under the Fifth Amendment.  *Id.* ¶ 30.  On November 8, 2019, the District

removed under 28 U.S.C. §§ 1441 and 1446, *see generally* Notice of Removal, ECF No. 1, and

on November 15, 2019, moved to dismiss for failure to state a claim or, in the alternative, for

summary judgment, *see generally* Def.'s Mot.

## II.     Legal Standard

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a plaintiff

bears the burden to plead "enough facts to state a claim to relief that is plausible on its face."

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  When considering a Rule 12(b)(6)

motion, the Court must accept all well-pleaded facts alleged in the Complaint as true and draw

all reasonable inferences from those facts in the plaintiff's favor.  *W. Org. of Res. Councils v.*

*Zinke*, 892 F.3d 1234, 1240–41 (D.C. Cir. 2018).  And a claim is facially plausible if "the

plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

(citing *Twombly*, 550 U.S. at 556).

### III.     Analysis

The District argues that the Complaint should be dismissed because "the statute of

limitations on a takings claim is three years from the date the claim accrues," and the alleged

taking accrued more than three years prior to the Complaint's filing.  *See* Def.'s Mot. at 4 (citing

D.C. Code § 12-301(3) (2020) (claims "for the recovery of damages for an injury to real or

personal property") and § 12-301(8) (claims "for which a limitation is not otherwise specially

prescribed")).  Sim Development counters "that this action should be governed either by the

fifteen (15) year limitations period set forth in D.C. Code § 12-301(a)(1) [sic], which governs

actions 'for the recovery of lands, tenements, or hereditaments' or . . . by the equitable doctrine

of laches."  Pl.'s Opp'n to the Def.'s Mot. ("Pl.'s Opp'n") at 3, ECF No. 4.

### A.     Statute of Limitations

"[A] motion to dismiss may be granted on the basis that the action is time-barred only

when it appears from the face of the Complaint that the relevant statute of limitations bars the

action."  *Firestone v. Firestone*, 76 F.3d 1205, 1210 (D.C. Cir. 1996) (quoting *Doe v. United

States Dep't of Justice*, 753 F.2d 1092, 1115 (D.C. Cir. 1985)); *see also Wharf, Inc. v. District of

Columbia*, 133 F. Supp. 3d 29, 33 (D.D.C. 2015).  It is apparent from the face of the Complaint

that the relevant statute of limitations is three years and that the claim accrued more than three

years prior to the Complaint's filing.

Sim Development contends that the present claim primarily "involves the recovery of the

land itself" rather than "the recovery of 'damages for an injury to real or personal property,'"

3

Pl.'s Opp'n at 5, and thus that the fifteen-year limitation in subsection 12-301(1) applies.  That

subsection applies to claims "for the recovery of lands, tenements, or hereditaments," D.C. Code

§ 12-301(1), and "serves to establish the period of 'actual, exclusive, continuous, open and

notorious possession' required to obtain a valid title to land in the District of Columbia,"

*Hancock v. Homeq Servicing Corp.*, No. 05-0307, 2007 WL 1238746, at *4 n.4 (D.D.C. Apr. 27,

2007), *aff'd*, 526 F.3d 785 (D.C. Cir. 2008) (citation omitted).

The Court disagrees.  Subsection 12-301(1)'s fifteen-year statute of limitations does not

apply in this case because "there is no cloud on Plaintiff's title or question as to Plaintiff's

ownership of the property."  Def.'s Reply to Pl.'s Opp'n at 2, ECF No. 5.  In other words, Sim

Development's alleged harm does not relate to the possession of the land.  Instead, Sim

Development seeks to recover "damages for an injury to real or personal property," D.C. Code

§ 12-301(3), resulting from the District's having razed the building at an allegedly inflated cost

and graded the land with allegedly contaminated soil.

That should end the matter, but the Parties also disagree over the relevance of the

decision in *Wharf, Inc.*, 133 F. Supp. 3d 29.  Sim Development incorrectly argues that *Wharf,*

*Inc.* is not persuasive authority because the limitation period there was uncontested.  *See* Pl.'s

Opp'n at 4.  The Court in *Wharf, Inc.* expressly held that subsection 12-301(3) applied to the

facts of the case.  133 F. Supp. 3d at 34 n.5 ("The Court finds that section (3) is applicable

because Plaintiffs' takings claim is premised on an alleged injury to real property.").  The other

authorities on which Sim Development relies to suggest a fifteen-year limitation period are also

distinguishable from the present case.  *See, e.g.*, *D.C. Redevelopment Land Agency v. Dowdey*,

618 A.2d 153, 157 (D.C. 1992) (finding a fifteen-year statute of limitations because the lien

"attached to the [Plaintiff's] share of the condemnation proceeds rather than to the property that

4

was the subject of the condemnation proceedings.  The lien was explicitly on land, not any structure on the land.").  Subsection 12-301(3) and its three-year limitations period thus governs here.

Sim Development filed suit in D.C. Superior Court on September 26, 2019.  For Sim Development's claim not to be barred by the three-year statute of limitations, it must have accrued no earlier than September 26, 2016.  A takings claim "first accrues when all the events have occurred which fix the alleged liability of the [government] and entitle the plaintiff to institute an action."  *Wharf, Inc.*, 133 F. Supp. 3d at 36 (quoting *Hopland Band of Pomo Indians v. United States*, 855 F.2d 1573, 1577 (Fed. Cir. 1988)).  "Therefore, a claim under the Fifth Amendment accrues when [the] taking action occurs."  *Id.* (quoting *Goodrich v. United States*, 434 F.3d 1329, 1333 (Fed. Cir. 2006)).  Further, under the District of Columbia's discovery rule, "a claim does not accrue until a plaintiff knows, or by the exercise of reasonable diligence should know, of (1) an injury, (2) its cause, and (3) some evidence of wrongdoing."  *Bradley v. Nat'l Ass'n of Secs. Dealers Dispute Resolution, Inc.*, 433 F.3d 846, 850 (D.C. Cir. 2005) (citation omitted).

Sim Development was on notice of the damage to the property when the initial demolition was still ongoing, or at the latest on January 31, 2012, when it conveyed notice of its claim to the District.  *See supra* at 2.  Sim Development's own allegations demonstrate that it had actual notice of the alleged taking well prior to September 26, 2016, and its claim is therefore time-barred.

### B.    Laches

Sim Development alternatively suggests "this type of action where equitable relief is sought would be more appropriately governed by the doctrine of laches."  Pl.'s Opp'n at 5. Laches is typically an equitable affirmative defense and not a cause of action, *see, e.g., Naccache*

*v. Taylor*, 72 A.3d 149, 153 (D.C. 2013) ("In actions at equity, the defense of laches [is]

available."), so it is unclear exactly what Sim Development argues here.  In any event, Sim

Development's claim does not arise in equity, but rather is a claim for monetary compensation

for the excessive cost of demolishing the building and the harm caused by adding contaminated

soil to the property.[2]  These claims are for damages related to the District's actions, rather than

for equitable relief relating to the removal of the building itself or some other act.  The equitable

defense of laches thus does not apply.

Sim Development incorrectly relies on distinguishable Supreme Court precedent to

support its claim to equitable relief.  *See* Opp. To Mot. For Summ. J. at 6 (citing *E. Enters. v.

Apfel*, 524 U.S. 498, 521 (1998)).  While the Court in *Eastern Enterprises* "assumed the lack of a

compensatory remedy and . . . granted equitable relief for Takings Clause violations," there is no

need for that assumption here.  524 U.S. at 521; *cf. New York v. Microsoft Corp.*, 209 F. Supp. 2d

132, 155 (D.D.C. 2002) (declining to dismiss Takings Clause action where equitable relief was

sought until conducting "a substantive evaluation of the competing remedy proposals").  As

outlined above, Sim Development expressly seeks compensatory damages rather than equitable

relief.  And none of the other authorities Plaintiff cites are analogous to the present case because

they involve property rights rather than compensation for an injury to property.  *See, e.g.*,

*Granville v. Hunt*, 566 A.2d 65, 68 (D.C. 1989) (holding "the guiding principle is one of laches"

for an equitable action involving property rights).

---

[2] Sim Development disputes the high value of the special assessment, *see* Compl. ¶ 29, implies
the lien would have been reasonable had it been for the amount of the $12,000 third-party
contract bid, *see id.* ¶ 19, and asserts damages from the contaminated soil, *see id.* ¶¶ 26, 28.

## IV.     Conclusion

For the foregoing reasons, the District's Motion to Dismiss is **GRANTED**.  An Order

will be entered contemporaneously with this Memorandum Opinion.


DATE:  July 2, 2020

_____
CARL J. NICHOLS
United States District Judge